Enrico A. Mazzoli, *pro hac vice*
Waters Law Group, PLLC
714 Lyndon Lane, Suite 6
Louisville, Kentucky  40222
502-425-2424
eamazzoli@waterslawgroup.com
*Attorneys for Defendant*

John Ray Nelson, ISB #7588
Foster Pepper, PLLC
422 West Riverside, Suite 1310
Spokane, Washington 99201
509-777-1600
*Local Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| METH LAB CLEANUP LLC, an Idaho limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SPAULDING DECON, LLC, a Florida limited liability company and LAURA SPAULDING, individually, <br><br> Defendants. | Case No.: 2:10-cv-00193-N-EJL |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION [DE 45] TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE; OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 U.S.C. § 1406 (a) and/or 28 U.S.C. § 1631); OR IN THE ALTERNATIVE TRANSFER FOR CONVENIENCE (28 U.S.C. § 1404(a)) [DE 7-10]**

Come the Defendants, Spaulding Decon, LLC and Laura Spaulding (collectively "Spaulding Decon"), by counsel making this limited appearance in accordance with Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (DE 7) and submits their Reply to Plaintiff's Response in Opposition (DE 45) to Defendants' Motion to Dismiss (DE 7-10).

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

1

**COUNTERSTATEMENT OF THE FACTS**

Plaintiff makes numerous errors, often unsupported, in its recitation of the facts to support its position. Some of these errors are significant enough to warrant correction as follows:

1. "Defendants' admit that they use contractors in the State of Idaho in direct competition with Plaintiff." (DE 45, p. 3, Plaintiff's Response) This is not true. In deposition, Defendants' were asked,

> Q. [Mr. Lynch – opposing counsel] Do you currently have any contractors in the State of Idaho?
> A. No.
> Q. Have you ever had any contractors in the State of Idaho?
> A. No.

DE 46-1, p. 18. ll. 18-23 (Spaulding Depo.).

2. "The National Arbitration Forum Panel held that Plaintiff [sic] had no right to use Plaintiff's marks or other proprietary information and that Defendants' conduct [was] in violation of Plaintiff's intellectual property rights…." (DE 45, p. 4, Plaintiff's Response). The Panel made no determination regarding Plaintiff's mark, proprietary information, intellectual property rights. Rather, the Panel's decision is limited to a domain name dispute. The Panel determined Defendants' Internet domain name was confusingly similar and ordered the domain name transferred. DE 45-3, pp. 5-10, 12.

3. Nowhere does Plaintiff support any of its contentions by affidavit or other sworn statements of Meth Lab Cleanup, LLC or either of its principals, Julie or Joe Mazzuca. Conversely, Defendants facts are supported by affidavit (DE 9) and deposition testimony. (DE 46-1, DE 46-2)

**ARGUMENT**

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

2

First, Plaintiff does not attempt and makes no argument that general jurisdiction is proper in Idaho. Thus, Plaintiff admits that general jurisdiction is improper in Idaho. In so doing, Plaintiff concedes that Defendants <u>do not</u> have continuous, systematic, or substantial contact with Idaho as required by *Helikopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408 (1984) and its progeny. Plaintiff argues only that specific jurisdiction is proper. (DE 45, p. 8, Plaintiff's Response)

Second, with respect to Plaintiff's argument that specific jurisdiction exists over Defendants such that personal jurisdiction is proper in Idaho, Plaintiff claims that Defendants' passive internet site is sufficient in terms of the nature and quality of website's commercial activity for jurisdiction. (DE 45, p. 9-10, Plaintiff's Response)  Although Defendants testified that they obtain 95% of their business from the Internet, Defendants also testified that they received no business through the Internet, or by any other method, from Idaho. DE 46-2, pp. 136-37, ll. 14-3, pp. 145-46, ll. 12-5. Nor does Plaintiff identify one sale or service provided by Defendants to customers in Idaho.

Plaintiff argues that Defendants purposefully availed themselves of the privilege of conducting business in Idaho by 1) entering into a training course agreement with the Idaho based Plaintiff, 2) by billing Plaintiff in Idaho for work done as a sub-contractor, and 3) by misappropriating Plaintiff's business secrets protected by copyright and trademark. (DE 45, p. 12, Plaintiff's Response)

The training course agreement is silent as to jurisdiction. Exhibit A. Defendants have testified consistently under oath that the contract for the training course was entered into (discussed and paid for) in Florida and performed in Denver, Colorado in 2006. DE 9, para. 9-11; DE 46-2, pp. 138-39, ll. 20-11. The date in which the agreement was entered into, 12/7/06, is

noteworthy. That date reflects the first day of training conducted in Denver. *Id.* Defendants testified that they learned Plaintiff was an Idaho entity only when Defendants retained counsel to file their complaint in Florida state court in January 2010. DE 46-2, p. 124, ll. 9-23; pp. 140-41, ll. 15-6.

Plaintiff claims that Defendants' billing Plaintiff in Idaho for work done as a sub-contractor is a contact with the forum to justify specific jurisdiction. Defendants testified that this involved Plaintiff, who has a "satellite office" and telephone number in Weston, Florida (DE 10-2, pp. 6-7.), calling Defendants in late 2007 to conduct a clean up assessment of a contaminated property in Orlando, Florida. DE 46-1, p. 52, ll. 15-23. Defendants acknowledge that, on this <u>one</u> occasion in December 2007, they billed to an Idaho address for work performed in Orlando, Florida. DE 46-1, pp. 52-56, ll. 21-9. However, as one may pay a telephone bill to a billing address in North Carolina, or a cable bill to a billing address in California, or a credit card balance to a billing address in Texas, those "contacts" do not rise to a quantity, nature, or quality sufficient to support specific jurisdiction in those forums; nor do they comport with fair play and substantial justice. The work occurred in Florida. Moreover, the present case does not arise from or relate to that 2007 Florida site cleanup.

Whether Defendants misappropriated Plaintiff's business secrets purportedly protected by copyright and trademark go to the merits of the case and are irrelevant in terms of whether Defendants' contacts and daily business activities are sufficient, or create a substantial connection with or an ongoing relationship and obligation in Idaho, for this Court to exercise specific jurisdiction over Defendants.

Plaintiff claims that the training course "was developed in the State of Idaho." (DE 45, p. 13, Plaintiff's Response) Plaintiff presents absolutely no evidence that the training course

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

4

1  material was developed in Idaho. Nowhere does Plaintiff support this contention by an affidavit

2  or other sworn statements by Meth Lab Cleanup, LLC or either of its principals, Julie or Joe

3  Mazzuca. Moreover, it is irrelevant. The supported facts are that the contract for the training

4  course was entered into in Florida and performed in Denver, Colorado. DE 9, para. 9-11; DE 46-

5  1, p. 50, ll. 14-24; DE 46-2, pp. 138-39, ll. 20-11. Similarly, where Plaintiff's trademark was

6  "developed" is also unsupported and irrelevant for purposes of jurisdiction. (DE 45, p. 13,

7  Plaintiff's Response). Next, whether Defendants wrongfully posted to their website Plaintiff's

8  purported copyrighted material (DE 45, p. 13, Plaintiff's Response) goes to the merits of the

9  case. Further, nowhere in the record does Plaintiff claim or produce any evidence that its website

10  is operated or maintained in Idaho. Defendants have no idea – and the Plaintiff is silent – as to

11  where Plaintiff's website originates; nor can that information be found on Plaintiff's website. DE

12  8, p. 4, ll. 1-11, p. 15, ll. 2-3; *See also* Exhibit B, screen shots from Plaintiff's website in

13  November 2006.[1] Lastly, Plaintiff contends that it is "generally known to operate from [Idaho]."

14  Plaintiff's contention is unsupported and cites no reference that Defendants knew such

15  information either generally or specifically. Defendants have pointed out in their principal brief

16  that Plaintiff's website no where indicated they operate from Idaho. DE 8, p. 4, ll. 1-11, p. 15, ll.

17  2-3; Exhibit B. Further, Defendants testified that they learned that Plaintiff was an Idaho entity

18  only when Defendants filed their complaint in Florida state court in January 2010. DE 46-2, p.

19  124, ll. 9-23; pp. 140-41, ll. 15-6. Thus, it is not generally known to Defendants that Plaintiff's

20  operate from Idaho.

---

[1] Past Internet screen shots are archived and may be found at <www.archive.org>. The Internet Archive is a self-described "digital library" that provides access to archived websites and other artifacts. Visitors to the Internet Archive may view these archived website records through the "Wayback machine."

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

5

Plaintiff makes a novel argument, unsupported by any case law, that service by counsel, of Defendants' ICANN domain name dispute response via email and service of Defendants' Florida state court complaint by process server upon Plaintiff in Idaho rise to the quality of "contact" with a forum state required to support specific jurisdiction over a party. (DE 45, pp. 3-4, Plaintiff's Response). First, Defendants' ICANN response was served upon Plaintiff in accordance with the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation of Assigned Names and Numbers (ICANN) on October 24, 1999. Exhibit C. There, Plaintiff agreed to the jurisdiction of the National Arbitration Forum – not Idaho – as the mutual jurisdiction. Exhibit C, p. 10. Also, Plaintiff "opted-in" to the arbitration forum's paperless process allowing parties to submit and receive documents in electronic-only format. Exhibit C, p. 11. Second, Defendants served their Florida state court complaint pursuant to the Florida Rules of Civil Procedure, which Plaintiff accepted under those terms. Exhibit D. In fact, Plaintiff answered in the Florida state court case and did not challenge Florida jurisdiction as improper. If Plaintiff's position that service of legal documents were an accepted or customary "contact" with a forum state, courts would cite such "contacts" in numerous published opinions on personal jurisdiction. Undersigned counsel's Westlaw search of Idaho federal cases, 9th Circuit cases, and cases in other federal district courts found no such authority or support for Plaintiff's hypothesis or where this argument has been advanced.

Plaintiff cites purported copyrighted material taken by Defendants from Plaintiff website. (DE 45, pp. 4-5, Plaintiff's Response) This is irrelevant to the issue of whether specific jurisdiction is proper in Idaho and goes to the merits of the case. Nevertheless, Plaintiff fails to tell the Court that Plaintiff wrote Defendants (and all other participants of the Denver training)

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

6

by email correspondence to "Please use any information off our website you need." DE 10-3, p. 3.

Plaintiff's argument emphasizes that Defendants' passive website offers nationwide services and is sufficient for specific jurisdiction in Idaho.[2] However, just because Defendants offer nationwide services or otherwise indicate a willingness to provide services outside Florida does not mean that it has performed services nationwide. Indeed, as Defendants' affidavit (DE 9) and deposition (DE 46-1, DE 46-2) clearly show, Defendants have never performed services or had other meaningful contacts in Idaho. (DE 9, paras. 4-6, 18-24;  DE 46-1, p. 18, ll. 18-23;  p. 19, ll. 6-17;  p. 20, ll. 2-7;  p. 21. ll. 3-5;  p. 34, ll. 6-18;  p. 40, ll. 6-8;  p. 41, ll. 18-20;  p. 42, ll. 3-12;  pp.45-46, ll. 12-3;  p. 48, ll. 7-14;  pp. 93-94, ll. 22-1;  DE 46-2, p. 111, ll. 16-22;  p. 113, ll. 2-4;  p. 114, ll. 21-25;  pp. 121-22, ll. 13-16;  pp. 122-24, ll. 25-23;  p. 135, ll. 18-21;  pp. 136-37, ll. 17-3.)  Plaintiff acknowledges that the "… website – by itself – is insufficient to establish personal jurisdiction…." (DE 45, p. 14, Plaintiff's Response)  But then in the same paragraph related to Defendants' website, remarkably, Plaintiff writes that "Even if most of Defendants' sales are unrelated to Idaho [Defendants have demonstrated that _no_ sales are related to Idaho], Defendants have intentionally availed itself [sic] of Idaho's forum." _Id_. The logic does not follow. Further, as the 9th Circuit has consistently held,

> merely advertising over the Internet is not sufficient to confer jurisdiction throughout the United States, even though the advertisement or website at issue may be viewed nationwide. The defendant must do "something more" to aim activity expressly at a state…. (internal citations omitted).

---

[2] The parties disagree on whether Defendants' website is either "passive" (Defendants' position) or "interactive" (Plaintiff's position). Defendants' clients may not make purchases directly through the website. That Defendants maintain a website where potential Idaho clients, along with potential clients anywhere else in the world who have internet access, can contact Defendants by phone or email does not subject Defendants to personal jurisdiction. _See James Avery Craftsman, Inc. v. Lugosch_, 486 F.Supp 595, 598 (W.D.Tex. 2007).

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

7

*Boschetto v. Hansing,* 539 F.3d 1011, 1022 (9th Cir. 2008) (Rymer, J., concurring).

Furthermore, it is unforeseeable that Defendants headquartered in Florida might receive solicitations outside the immediate geographical area, much less Idaho.

Finally, Plaintiff makes absolutely no argument that transfer for convenience pursuant to 28 U.S.C. § 1404(a) is inappropriate or that venue is improper in Florida; only that venue is proper in Idaho. (DE 45, pp. 15-16, Plaintiff's Response) Nowhere does Plaintiff dispute that it has sufficient contacts with Florida, that Florida is a more convenient forum, or argue that venue in Florida is improper. Indeed it can't; Plaintiff is defending itself in a Florida state court action and has appeared previously in Florida federal court. *See* DE 8, pp. 5-6, ll. 22-1, FN 3, FN 4; DE 10-5.

## CONCLUSION

For the foregoing reasons and for the reasons in Defendants motion to dismiss (DE 7-10), Defendants' motion should be GRANTED.

Date: 1 October 2010                                    Respectfully submitted,

/s/Enrico A. Mazzoli_____
Enrico A. Mazzoli, *pro hac vice*
eamazzoli@waterslawgroup.com
Waters Law Group, PLLC
714 Lyndon Lane, Suite 6
Louisville, Kentucky 40222
502-425-2424
Fax: 502-425-9724

John Ray Nelson, ISB #7588
Foster Pepper, PLLC
422 West Riverside, Suite 1310
Spokane, Washington 99201
509-777-1600

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

8

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on 1 October 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record or pro se parties identified in the attached Service List either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Enrico A. Mazzoli

**SERVICE LIST**

Michael E. Ramsden, Esq.
firm@ramsdenlyons.com
RAMSDEN & LYONS, LLP
700 Northwest Boulevard
P.O. Box 1336
Coeur d'Alene, Idaho 83816-1336

Vincent B. Lynch, Esq.
vlynch@floridalawyer.com
LYNCH & ROBBINS
2639 Dr. ML King, Jr. Street North
St. Petersburg, Florida 33704

*Attorneys for Plaintiff, Meth Lab Cleanup LLC*

Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss